IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS, AMARILLO DIVISION

| | |
|---|---|
| PATCO TRANSPORTATION, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No: ) |
| RT MORINGA LLC and SAMUEL YIHDEGO, | ) ) ) |
| Defendants. | ) |

# COMPLAINT

Plaintiff, Patco Transportation, Inc. ("Patco"), by its attorneys, Lewis Brisbois Bisgaard & Smith LLP, for its Complaint against Defendants, RT Moringa LLC ("RT Moringa") and Samuel Yihdego ("Mr. Yihdego"), states as follows:

## Parties, Jurisdiction and Venue

1. Patco is a trucking company located in the Provence of Ontario, Canada and organized and existing under the laws of Canada.

2. For purposes of determining diversity jurisdiction, Patco is a citizen of the Provence of Ontario, Canada.

3. RT Moringa is a trucking company located in Dallas, Texas and organized and existing under the laws of the State Texas.

4. Upon information and belief, RT Moringa's individual managers/members are citizens of the State of Texas.

5. For purposes of determining diversity jurisdiction, RT Moringa is a citizen of the State of Texas.

6. Upon information and belief, Mr. Yihdego resides in Oakland, California.

1

7. For purposes of determining diversity jurisdiction, Mr. Yihdego is a citizen of the State of California.

8. This is an action for amounts in excess of seventy five thousand dollars ($75,000.00) exclusive of costs.

9. By reason of the foregoing, the United States District Court for the Northern District of Texas, Amarillo Division, has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). There is complete diversity of citizenship, and the amount in controversy exceeds $75,000.00, exclusive of costs.

10. Venue in the United States District Court for the Northern District of Texas is proper as the occurrence giving rise to plaintiff's claims took place in Oldham County, Texas.

**Facts**

11. This suit arises from a motor vehicle accident occurring on March 16, 2022, in the westbound lanes of travel, near mile marker 12, on Interstate 40 in Oldham County, Texas (the "accident").

12. At the time of the accident, Patco owned a certain semi-truck and trailer (the "Patco Vehicle"), both registered in the Provence of Ontario, Canada.

13. At the time of the accident, RT Moringa owned and/or leased a certain semi-truck and trailer (the "RT Moringa Vehicle"), both registered in the State of Texas.

14. At the time of the accident, the Patco Vehicle was operated, controlled and driven by its employee, Joshua Lewis.

15. At the time of the accident, the Patco Vehicle was traveling westbound on Interstate 40.

16. At the time of the accident, the RT Moringa Vehicle was operated, controlled and driven by its employee, and/or agent, Mr. Yihdego.

17. At the time of the accident, Mr. Yihdego. was permissively operating, controlling and driving the RT Moringa Vehicle.

18. Immediately prior to the occurrence of the accident, the RT Moringa Vehicle was attempting to merge into and enter the westbound lanes of travel on Interstate 40.

19. Immediately prior to the occurrence of the accident, the RT Moringa Vehicle wrongfully and negligently entered the westbound lane of travel without properly yielding to and cutting off the Patco Vehicle, which was unable to avoid a collision with the RT Moringa Vehicle.

20. At the time of the accident, the Patco Vehicle was traveling at a safe speed and distance from other vehicles on the roadway.

21. As a result of the accident, Patco sustained substantial damages including, but not limited to, damage to its vehicle and cargo, in excess of $75,000.00.

## Count I – Negligence Against Samuel Yihdego

22. Patco repeats and re-alleges Paragraphs 11 through 21 as and for Paragraph 22 of Count I.

23. At all relevant times, Mr. Yihdego. was a licensed commercial vehicle operator subject to all state and federal laws, statutes, regulations and industry standards governing the safe maintenance and operation of commercial motor vehicles including, without limitation, the Federal Motor Carrier Safety Regulations ("FMCSR").

24. At all relevant times, Mr. Yihdego had a duty to operate the RT Moringa Vehicle in a reasonable and safe manner and to abide by all State and Federal laws governing the safe operation of semi-trucks.

25. Mr. Yihdego breached those duties by:

a. Operating the RT Moringa Vehicle in a negligent and unsafe manner;

b. Failing to keep a proper lookout while operating the RT Moringa Vehicle;

c. Failing to take proper evasive action to avoid a collision;

d. Colliding with the Patco Vehicle; and,

e. Violating State and Federal laws governing the safe operation of semi-trucks.

26. As a direct and proximate result of the aforementioned negligent acts, Patco sustained substantial damages as set forth in Paragraph 21.

WHEREFORE, Plaintiff, Patco Transportation, Inc., prays that the Court enter judgment in its favor and against Defendant, Samuel Yihdego, in excess of $75,000.00 plus costs, and granting such further relief as the Court deems just and appropriate.

## Count II – Negligence Against RT Moringa

27. Patco repeats and re-alleges Paragraphs 11 through 21 and 23 through 26 as and for Paragraph 27 of Count II.

28. RT Moringa had a duty to ensure that its drivers and vehicles were reasonably safe and complied with all laws, regulations and industry standards concerning the safe operation of commercial motor vehicles in interstate commerce.

29. At all relevant times, Mr. Yihdego was RT Moringa's agent, employee, servant and/or independent contractor acting within the course and scope of his agency or employment, under the direct control and for the benefit of RT Moringa.

30. RT Moringa breached those duties by:

a. Failing to verify and ensure that its employee, Mr. Yihdego, operated the semi-truck in a reasonably safe manner and abided by all laws governing the safe operation of commercial motor vehicles in violation of 49 C.F.R. §392.1;

    b. Failing to properly train and instruct its employee, Mr. Yihdego, and its drivers on defensive driving, safe driving, and proper lookout in violation of 49 C.F.R. §383.111;

    c. Failing to properly supervise its employee, Mr. Yihdego, and identify dangerous and negligent driving behaviors that could have been corrected in time to avoid the accident;

    d. Failing it non-delegable duty to qualify its employee, Mr. Yihdego, and perform background driving record, physical fitness to drive and/or character investigations that would have revealed its employee, Mr. Yihdego, was not qualified to operate a commercial motor vehicle in violation of 49 C.F.R. §391.21 and §391.23; and,

    e. Disregarding state and federal laws and regulations and industry standards stated above, such that it created a culture of danger and zone of risk that was reasonably anticipated to cause injury and death to the traveling public and constituted a dangerous mode of operation.

31. As a direct and proximate result of the aforementioned negligent acts, Patco sustained substantial damages as set forth in Paragraph 21.

WHEREFORE, Plaintiff, Patco Transportation, Inc., prays that the Court enter judgment in its favor and against Defendant, RT Moringa Trucking, LLC, in excess of $75,000.00 plus costs, and granting such further relief as the Court deems just and appropriate.

## Count III – Vicarious Liability Against RT Moringa

32. Patco repeats and re-alleges Paragraphs 11 through 21, 23 through 26 and 28 through 31 as and for Paragraph 33 of Count III.

33. At all relevant times, Mr. Yihdego was RT Moringa's agent, employee, servant and/or independent contractor acting within the course and scope of his agency or employment, under the direct control and for the benefit of RT Moringa.

34. As a direct and proximate result of the aforementioned negligent acts of Mr. Yihdego, Patco sustained substantial damages as set forth in Paragraph 21.

35. RT Moringa retained the right to exercise control over Mr. Yihdego in connection with the load and RT Moringa's activities were directed to the details required for the ultimate purpose for which it was hired by the shippers - that is, delivery of a load to its proper destination in a timely fashion. As such, RT Moringa is vicariously liable for the negligence of Mr. Yihdego.

WHEREFORE, Plaintiff, Patco Transportation, Inc., prays that the Court enter judgment in its favor and against Defendant, RT Moringa Trucking, LLC, in excess of $75,000.00 plus costs, and granting such further relief as the Court deems just and appropriate.

### Count IV – Respondent Superior Against RT Moringa

36. Patco repeats and re-alleges Paragraphs 11 through 21, 23 through 26, 28 through 31 and 33 through 35 as and for Paragraph 36 of Count IV.

37. At the time of the accident, RT Moringa was the owner, co-owner, lessor, co-lessor, lessee, co-lessee, and/or entity responsible for maintaining the RT Moringa Vehicle operated by Mr. Yihdego for the purpose of carrying out RT Moringa's business.

38. At the time of the accident, Mr. Yihdego was an employee, agent, and/or representative of RT Moringa.

39. RT Moringa owed Patco a duty to have its employee, agent and/or representative, operate said vehicle in a careful and prudent manner, so as to not cause a collision with the Patco Vehicle.

40. At the time of the accident, Mr. Yihdego was operating the RT Moringa Vehicle within the course and scope of his employment with RT Moringa.

41. RT Moringa breached that duty by permitting its employee, agent and/or representative, to carelessly and negligently operate said vehicle causing a collision with and subsequent destruction of the Patco Vehicle.

42. As a direct and proximate result of the aforementioned acts, Patco sustained substantial damages as set forth in Paragraph 21.

WHEREFORE, Plaintiff, Patco Transportation, Inc., prays that the Court after all due proceedings enter judgment in its favor and against Defendant, RT Moringa Trucking, LLC, in excess of $75,000.00 plus costs, and granting such further relief as the Court deems just and appropriate.

Respectfully submitted,

Patco Transportation, Inc.,


By: /s/ *Michael T. Franz*
      One of Plaintiff's Attorneys


Michael T. Franz
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street
Suite 300
Chicago, Illinois 60661
(312) 463-3329 Direct
(312) 345-1776 Facsimile
Michael.Franz@lewisbrisbois.com

Date: December 27, 2023

*Attorneys for Defendants*

75944-60